UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-380-KKC

MW MAPLELEAF PARTNERS, LLC, PLAINTIFF

v. **OPINION AND ORDER**

FIFTH THIRD BANK, INC., DEFENDANT
AND COUNTER CLAIMANT

v.

TED J. MIMS, JERRY A. WOODALL,
EBBETS DEVELOPMENT, LLC,
WOODALL AND SONS DEVELOPMENT, LLC
and MW MAPLELEAF PARTNERS, LLC, COUNTERCLAIM DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion filed by the Plaintiff and the Counterclaim Defendants (the "Mapleleaf Parties") to Alter or Amend [DE 64] this Court's Opinion and Order dated December 22, 2010. In the December 22 Opinion and Order, this Court granted the Motion to Enforce Settlement Agreement filed by the Defendant Fifth Third Bank, Inc.

As the Court noted in the December 22 Opinion and Order, none of the Mapleleaf Parties filed any response to Fifth Third's motion to enforce the settlement agreement despite two orders from Judge Wier ordering them to do so. Judge Wier specifically informed the parties that he would deem their failure to respond to the motion as a statement of no opposition to the motion. [DE 49, 52]. Further, Judge Wier conducted a hearing on the motion but the Mapleleaf Parties did not appear at the hearing. Judge Wier then entered a Recommended Disposition on the motion which this Court adopted in its December 22 Opinion.

In accordance with the Recommended Disposition, the Court's opinion ordered the

Mapleleaf Parties to replace the Letters of Credit and to otherwise comply with paragraph 4 of the settlement agreement. Paragraph 4 of the Settlement Agreement requires the Mapleleaf Parties by October 15 ,2010 to "replace the Letters of Credit or otherwise arrange for Fifth Third to be completely released from all obligations or liabilities under the Letters of Credit."

Fifth Third issued the two Letters of Credit totaling $38,162 at the request of the Mapleleaf Parties for the benefit of the Lexington Fayette Urban County Government. The Mapleleaf Parties were required by the LFUCG to provide the Letters of Credit as a condition to obtaining an occupancy certificate for a building they constructed. Fifth Third asserts that the LFUCG has the right to draw from Fifth Third the full amount of the Letters of Credit if the Mapleleaf Parties fail to install a final coat of asphalt and provide seeding of disturbed land and other site improvements. Fifth Third asserts that the Mapleleaf Parties have failed to comply with those requirements and, thus, it remains exposed to liability.

In their motion, the Mapleleaf Parties concede that they were unable to comply with the terms of the settlement agreement, including the payment of certain settlement payments. Accordingly, as required by the settlement agreement, they have now deeded the subject property back to Fifth Third.

The Mapleleaf Parties assert that, because they no longer have any right to the subject property, it is impossible for them to replace the Letters of Credit. They argue that the Letters of Credit at issue were secured by the subject property and that property provided the only source of security for the replacement Letters of Credit. Fifth Third responds that the Mapleleaf Parties can still replace the Letters of Credit by pledging other assets as security, by furnishing a cash bond or by making some other arrangements with the LFUCG.

The Mapleleaf Parties have not indicated that they have attempted to replace the Letters of Credit. Accordingly, the Court has no basis for finding that it is impossible for them to comply with this obligation.

Further, the Court notes that paragraph 4 of the settlement agreement requires the Mapleleaf Parties to replace the Letters of Credit *or* "to otherwise arrange for Fifth Third to be completely released from all obligations or liabilities under the Letters of Credit." The Mapleleaf Parties have not indicated that they have attempted to otherwise arrange for Fifth Third to be completely released from all obligations or liabilities under the Letters of Credit.

The Court will amend the December 22 Opinion to clarify that the Mapleleaf Parties can comply with the agreement by *either* replacing the Letters of Credit *or* otherwise arranging for Fifth Third to be completely released from all obligations or liabilities under the Letters of Credit

The Mapleleaf Parties argue that the settlement agreement imposed alternate obligations on them – make the settlement payments and replace the Letters of Credit *or* execute the Deed in Lieu of Foreclosure. This is simply a reassertion of one of their objections to Judge Wier's Recommended Disposition. Again, by failing to respond to the motion to enforce the settlement agreement and by failing to appear at the hearing on the motion, the Mapleleaf Parties waived any objection to the motion and, thus, to Judge Wier's recommendation. Further, as stated in its December 22 Opinion, the Court finds nothing in the settlement agreement to support the argument that the Mapleleaf Parties are not required to replace the Letters of Credit or otherwise comply with paragraph 4 after executing the Deed in Lieu of Foreclosure.

The Mapleleaf Parties also ask the Court to set aside the portion of the December 22 Opinion requiring it to pay Fifth Third's attorney fees. This is also a reassertion of an objection to Judge

Wier's Recommended Disposition which has been waived for the reasons stated above. Further, under the settlement agreement, Fifth Third is entitled to the attorney's fees it incurred in seeking to enforce its terms.

The Court also notes that, pursuant to Judge Wier's December 6, 2010 Recommended Disposition, the temporary seal of the settlement agreement in the record expired on December 21, 2010. Accordingly, the settlement agreement is no longer filed under seal. The Clerk of the Court possesses the original executed settlement agreement. The Court will order Fifth Third to obtain the original settlement agreement from the Clerk to be maintained in the manner agreed to by the parties.

For all these reasons, the Court hereby ORDERS as follows:

1) the Motion to Alter or Amend Order [DE 64] is GRANTED in part and DENIED in part as follows:

   A) The motion is GRANTED to the extent that paragraph 3(a) of the Ordering Clause is amended to read as follows:

      3) The Mapleleaf Parties are ORDERED to:

      a) in accordance with paragraph 4 of the settlement agreement, *either* replace the Letters of Credit *or* otherwise arrange for Fifth Third to be completely released from all obligations or liabilities under the Letters of Credit;

   B) the Motion to Alter or Amend Order is otherwise DENIED; and

2) Fifth Third is ORDERED to obtain from the Clerk of the Court the original executed settlement agreement currently in the Clerk's possession.


Signed By:
*Karen K. Caldwell*
United States District Judge